RICHARD E. QUINTILONE II (SBN 200995)
ALEJANDRO QUINONES (SBN 324244)
BRIANNA M. MCCOVEY (SBN 327993)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TELEPHONE: (949) 458-9675
FACSIMILE: (949) 458-9679
EMAIL: REQ@QUINTLAW.COM; AXQ@QUINTLAW.COM; BMM@QUINTLAW.COM

Attorneys for Plaintiff, JOSEPHINE EASTON individually, and on behalf of all employees similarly situated.

[Additional Counsel listed on next page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPHINE EASTON, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, a Delaware corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.  3:20-cv-02193**<br><br>**CLASS ACTION**<br><br>**Assigned For All Purposes To:**<br>**Hon.**<br>**Dept:**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>**1.  FAILURE TO PAY WAGES UNDER THE FLSA;**<br>**2.  FAILURE TO PAY REGULAR AND MINIMUM WAGES;**<br>**3.  FAILURE TO PAY OVERTIME COMPENSATION;**<br>**4.  FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF;**<br>**5.  FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF;**<br>**6.  FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION;**<br>**7.  FAILURE TO FURNISH ACCURATE, ITEMIZED WAGE STATEMENTS;**<br>**8.  FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY;**<br>**9.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES; AND**<br>**10. VIOLATIONS OF THE UNFAIR COMPETITION LAW.**<br><br>**DEMAND FOR JURY TRIAL** |

ROGER R. CARTER (SBN 140196)
BIANCA A. SOFONIO (SBN 179520)
**THE CARTER LAW FIRM**
23 CORPORATE PLAZA, SUITE 150
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 245-7500
EMAIL: ROGER@CARTERLAWFIRM.NET; BIANCA@CARTERLAWFIRM.NET

MARC H. PHELPS (SBN 237036)
**THE PHELPS LAW GROUP**
23 CORPORATE PLAZA, SUITE 150
NEWPORT BEACH, CA 92660
TELEPHONE: (949)629-2533
FACSIMILE: (949) 629-2501
EMAIL: MARC@PHELPSLAWGROUP.COM

CLASS ACTION COMPLAINT

Plaintiff JOSEPHINE EASTON ("Plaintiff"), by and through her attorneys of record, brings this Class Action Complaint against Defendants WELLS FARGO BANK AND COMPANY, a Delaware corporation and WELLS FARGO BANK, N.A. (Collectively referred to as "WELLS FARGO" or "Defendant"), and respectfully alleges the following:

## 1. **INTRODUCTION**

1. This is a class action, pursuant to California Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure, on behalf of Plaintiff and all non-exempt Loan Adjusters employed by, or formerly employed by, Defendant within the State of California. The non-exempt Loan Adjusters employed by or formerly employed by Defendant within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2. For at least four years prior to the filing of this action and through to the present, Defendants consistently maintained and enforced against Defendants' non-exempt hourly Loan Adjusters, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

(a) Defendants have had a consistent policy of failing to pay Class Member non-exempt hourly employees for all hours worked, whether regular time or overtime, and/or requiring them to work "off the clock" without compensation during the workday and workweek while pressuring them to perform tasks, duties, responsibilities, transferring products from one store to another, bag checks and other tasks;

(b) Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of

compensation for each workday that the meal period is not provided, as required by California state wage and hour laws;

(c)     Defendants have had a consistent policy of failing to provide Class Members rest periods of at least ten (10) minutes for every shift over three and a half (3.5) hours and/or seven (7) hours worked or a major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws;

(d)     Defendants have consistently denied Class Members the ability to take timely meal and rest breaks or take them at all and have failed to pay the class the premium wages due for these violations;

(e)     Defendants failed to pay Class Member employees all wages due and payable twice each calendar month;

(f)     With respect to Class Members who either were discharged, laid off, or resigned, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202 and 203; and

(g)     Defendants failed to maintain accurate records of Class Members' earned wages and work periods.

3.     Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to Labor Code §§ 200, 201, 202, 203, 204, 210, 218, 218.6, 226, 226.3, 226.7, 256, 510, 512, 558, 1174, 1194, 1197, 1199, 2802, and California Code of Regulations, Title 8, section 11050 et seq., seeking unpaid reporting time pay, overtime, meal and rest period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of herself and all Class Members, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

**2.    PARTIES**

    **A.    Plaintiff**

5.    Plaintiff JOSEPHINE EASTON is a resident of Riverside, California. Plaintiff was employed by Defendant at Defendant's branches in San Bernardino County, California, from approximately **June 2013** to approximately **December 19, 2019**, and most recently held the position of Loan Adjuster.

    **B.    DEFENDANTS**

6.    Defendants WELLS FARGO BANK AND COMPANY, a Delaware corporation and WELLS FARGO BANK, N.A., an unknown entity, (Collectively referred to as "WELLS FARGO" or "Defendants"), and each of them, own and operate banks and support centers throughout the United States and California, including in San Francisco, San Bernardino, Riverside and other counties throughout California.

7.    At all times material herein, Defendants were a corporation registered to do business in California, including but not limited to conducting business within the County of San Bernardino, with its principal place of business in San Francisco, California. WELLS FARGO is in the Bank & Financial Holding industry with over $1.5 trillion in assets.  On information and belief, WELLS FARGO performs consumer and financial banking services, including operating financial centers.  At all relevant times alleged herein, Plaintiff is informed and believes that WELLS FARGO is authorized to and conducts business in California, including but not necessarily limited to San Bernardino County.  WELLS FARGO employed Plaintiff at its San Bernardino and Rancho Cucamonga, California, Call Centers, and employ/employed other Loan Service Agents in San Bernardino and throughout California.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under

California <u>Code of Civil Procedure</u> § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

9.      Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

10.      Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C. §§ 1391(a)-(c).  The Court has personal and subject matter jurisdiction over the parties and claims pursuant 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA"), as well as under 28 U.S.C. § 1331 (based upon the FLSA claim under 29 U.S.C. § 203 et seq.).  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for all claims asserted under the California <u>Labor Code</u> and related provision.  On information and belief, Defendants operate and are doing business as Wells Fargo in California and are doing business in San Francisco County and throughout California, and each Defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendant employs numerous Class Members in San Francisco County and in this District, and its headquarters are located in San Francisco, California.

///

///

1    **3.    <u>FACTUAL BACKGROUND</u>**

2        11.    Between approximately **June 2013** and **December 19, 2019**, Plaintiff

3    was employed by Defendant, as a non-exempt, hourly-paid Loan Adjuster. Plaintiff

4    was employed at Defendant's branch in Rancho Cucamonga, California, San

5    Bernardino, California and Phoenix, Arizona Branches. Plaintiff has held the

6    positions on Loan Servicing Specialist, Quality Monitor, Loan Servicing and

7    Collections Associate and Account Resolution Specialist. Plaintiff worked from

8    **June 2013** to **2017** at Defendant's call center in San Bernardino. From **2017** to **2018**,

9    Plaintiff worked at Defendant's call center in Rancho Cucamonga. From **September**

10   **2018** to **November 2019**, Plaintiff returned to Defendant's San Bernardino call

11   center. From **November 2019** to **December 2019**, Plaintiff worked at Defendant's

12   Phoenix, Arizona call center.

13       12.    Plaintiff's duties included reviewing, researching, processing, and

14   responding to basic to moderate written and phone inquiries from dealer customers,

15   auctions, and internal partners pertaining to Commercial Auto floor plan and

16   nonfloorplan loans and various areas within loan servicing.

17       13.    In order to perform her work duties and begin assisting customers at the

18   start of her shift, Plaintiff needed to load certain programs. These programs included

19   timekeeping and scheduling programs, among other programs, such as Timetracker,

20   Nice, Webstation and/or Aces, before Plaintiff would be on the clock.  Plaintiff had

21   to swipe badges to enter the facility, wait in line to go through facility revolving

22   doors, walk up floors or wait for an elevator to sign into her computer. Plaintiff was

23   paid only after logging into Aces, Defendant's call system. Starting up the computer

24   and loading these programs took approximately 10 to 15 minutes each day before the

25   start of her shift. Plaintiff was unable to clock in until the scheduled start of her shift.

26   Defendant's startup procedure was uniform at the locations Plaintiff worked for and

27   she was not paid for this time - either straight-time or overtime wages. Defendants

28   were aware of these violations.

14.     Plaintiff and other class members were not paid for this time, even though: (1) no practical administrative difficulty of recording the additional time exists or existed for Defendant during the relevant time period; (2) it is or was feasible for Defendant to determine or estimate the average time it takes each employee to complete his or her pre-shift start-up sequence, as all class members at issue in this action needed the same computer programs/applications in order to perform their work duties. *See also Troester v. Starbucks Corp.*, (2018) 5 Cal.5th 829.

15.     Further, at the end of her shift, Plaintiff was required to clock out. She was then required to close all the programs and shut down the computer. This mandatory process took at least another **two (2)** to **five (5) minutes** each day and was unpaid.

16.     Upon information and belief, the call centers were constantly busy and short staffed. Plaintiff was often at her desk taking a call from a customer when her scheduled meal period started. Plaintiff was told by supervisors to take her meal period while remaining at the call desk. Rest breaks were often interrupted in the same manner. When Plaintiff complained to her supervisors about working through her meal and rest breaks, she was told that it was what was needed due to the call center being short staffed and there was nothing that could be done.

17.     Additionally, when Plaintiff took her meal period in the employee break room, she was not allowed to take her full uninterrupted 30-minute meal period. Plaintiff's supervisors would frequently come and get her because customers needed to be assisted. When Plaintiff worked the 11:00 a.m. to 8:00 p.m., meal periods were often taken late because of the workload or Defendant's lunch scheduling practices, which also affected the differential pay. Plaintiff was never paid a meal period premium for those late or interrupted meal periods because Plaintiff's supervisor's would be punished as well as Plaintiff who would not participate in the shift differential below.

18.    Often, when Plaintiff's scheduled rest periods arrived, she was not allowed to take her breaks, because the call center was too busy and there was not enough staff to tend to customer calls. Of the few breaks Plaintiff was afforded, Plaintiff would be reprimanded for taking a break longer than **five (5)** minutes and would result in the loss of shift differential pay. Plaintiff was never paid a premium for those missed or interrupted rest periods.

19.    Defendant's policy on differential pay was:

**Shift Differential**

Shift differential applies to nonexempt positions. Certain business units may apply shift differentials to some exempt positions that work in production environments such as operations, technology, and call centers, including areas that operate 24 hours a day, 7 days a week. If you are unsure whether your position is eligible for shift differential pay, please ask.

| Determining shift differential pay | Shift time periods | Differential for eligible hours |
|---|---|---|
| 1 | 8:00 a.m. – 4:00 p.m. | None |
| 2 | 4:00 p.m. – 8:00 a.m. | 15% for team members in non-exempt team positions 10% for team members in eligible exempt positions |

20.    Upon information and belief, the above-mentioned unlawful employment practices by Defendant was applied the same to all Loan Adjusters in all call centers in the State of California.

21.    Plaintiff and the Class Members are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.

22.    Defendant employs hourly employees at each of its California locations, including Plaintiff. All Hourly Employees at WELLS FARGO are subject

CLASS ACTION COMPLAINT

to a common policy regarding meal and rest periods. WELLS FARGO uses a common system to track the meal and rest periods of all of its Hourly Employees. Plaintiff and the Class Members were not provided lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

    a.  they were not provided meal periods for work days in excess of **five** (**5**) and/or ten (**10**) hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders;

    b.  they were required to work through their daily meal period(s), or work an unlawful "on-duty meal period";

    c.  they were severely restricted in their ability to take a meal period; and

    d.  they were required to "clock out" or "sign out" for a meal period.

23.    Plaintiff and the Defendants' non-exempt hourly employees were not paid for all hours worked, whether regular time or overtime, and/or were required to work "off the clock" without compensation during the workday and workweek while performing tasks, duties, and responsibilities for compensable hours worked.

24.    Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members Plaintiff seeks to represent:

    a.  failing to pay wages;

    b.  failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of <u>Labor Code</u> §§ 201, 202, 203 and 204; and

    c.  failing to maintain accurate records of Class Members' earned wages and work periods in violation of <u>Labor Code</u> §§ 226 and 1174(d) and § 7 of the applicable IWC Wage Orders.

25.    On information and belief, Plaintiff alleges that she and the Class Members did not waive meal or rest periods during the liability period.  Further, Defendants' actions are willful due to the prior knowledge and resolution of a class action claim on the same subject matter.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay their employees and Class Members in a timely manner all earned wages; nor have Defendants returned to Class Members, upon or after termination of their employment with Defendants, unlawful deductions and penalties due them for having failed to properly provide rest and meal periods.

27.    At relevant times herein, the named Plaintiff and the Class Members were employed by Defendants and were paid, on information and belief, predominantly on an hourly basis.

28.    On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

29.    Defendants have made it difficult to account with precision for the unlawfully withheld wages owed to Defendants' non-exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method to record all the unlawful deductions as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and § 7 of the California Wage Orders. Defendants have failed to comply with Labor Code § 226(a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Class Members.  Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(b).

30.    Defendants have failed to comply with § 7 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from

1   payment of wages and accurately reporting total hours worked by the Class

2   Members.

3   31.   Plaintiff brings this action on behalf of herself and all others

4   similarly situated as a class action pursuant to California Code of Civil

5   Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff

6   seek to represent a Class (or "Class Members") composed of and defined as:

**All persons who are employed or have been employed by Defendants in the State of California, during the period of four years prior to the filing of this action through resolution of this action, who have worked as non-exempt loan adjusters.**

32.   Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows (collectively with the "Class" referred to as the "Plaintiff Classes"):

33.   Plaintiff further seeks to represent the following additional Plaintiffs' Classes composed of and defined as follows:

a.   The Minimum Wage Class:  All Class Members who did not receive minimum wages for all hours worked.

b.   The Overtime Class:  All Class Members who worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but were not paid overtime wages earned for that day or week.

c.   The Meal Period Class:   All Class Members who have not been provided a meal period for every **five (5)** hours or major fraction thereof worked per day, and were not provided with one hour's pay for each day on which such meal period was not provided.

d.   The Rest Period Class:   All Class Members who have not been authorized and permitted to take a rest period for every **three and a half (3.5)** hours or a major fraction thereof worked per day, and were not

provided with one hour's pay for each day on which such rest period was not authorized and permitted.

e. <u>The Termination Pay Class</u>:   All Class Members who, after their employment terminated or they were otherwise separated from Defendants' employment, were not timely paid all wages earned and owing to them.

f. <u>The Wage Statement Class</u>:  All Class Members who did not receive an itemized wage statement accurately showing total hours worked, all wages earned and due, the applicable hourly rates in effect and the corresponding hours worked at each hourly rate.

g. <u>Expense Reimbursement Class</u>:   All Class Members who were not reimbursed for mileage and expenses incurred in the discharge of their duties in connection with Defendants' requirement that they make uncompensated trips to banks and other store locations and perform intra-store transfers.

h. <u>The Unfair Competition Class</u>:  All Class Members who were subjected to Defendants unlawful, unfair, and/or fraudulent business practices due to the Defendants' violations of the California <u>Labor Code</u> and California Wage Orders.

34.   Plaintiff reserves the right, under Rule 15 of the Federal <u>Rules of Civil Procedure</u> and Rule 1855(b) of the California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

35.   This action has been brought and may properly be maintained as a class action under the provisions of the California <u>Code of Civil Procedure</u> § 382 and Rule 23 of the Federal <u>Rules of Civil Procedure</u> because there is a well-defined community of interest in the litigation and the proposed Class and Plaintiff Classes are easily ascertainable.

CLASS ACTION COMPLAINT

A.    **Numerosity**

36.    The potential members of each Class, as defined, are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, at least **one thousand** (**1,000**) employees in positions as Defendants' non-exempt hourly employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

37.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.   Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.   Joinder of all members of the proposed Classes is not practicable.

B.    **Commonality**

38.    There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

        a.  Whether Defendants violated Labor Code § 1194 by failing to compensate all non-exempt hourly employees during the relevant time period for all hours worked, whether regular or overtime;

        b.  Whether Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders, and Cal. Code Regs., by failing to provide a meal period to non-exempt hourly employees on days they worked work periods in excess of **five** (**5**) hours and failing to compensate said employees one hour's wages in lieu of meal periods;

        c.  Whether Defendants violated Labor Code §§ 226.7 and the IWC Wage Orders and Cal. Code Regs., by failing to authorize and permit daily **ten** (**10**) minute rest periods to non-exempt hourly  employees for every

**three and a half (3.5)** hours worked and failing to compensate them with one hour's wages in lieu of proper rest periods;

d. Whether Defendants violated §§ 226 and 1174 of the <u>Labor Code</u> and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

e. Whether Defendants violated § 226 of the <u>Labor Code</u> and the IWC Wage Orders by failing to provide accurate itemized wage statements to the Class Members;

f. Whether Defendants violated §§ 201-203 of the <u>Labor Code</u> by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages, expenditures or losses, or reimbursements due and owing at the time that any Class Member's employment with Defendants terminated, voluntarily or involuntarily;

g. Whether Defendants violated § 204 of the <u>Labor Code</u> by failing to pay all wages due and payable twice in each calendar month;

h. Whether Defendants violated § 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201, 202, 203, 204, 206, 218, 218.6, 221, 226, 226.7, 351, 510, 512, 1174, 1194, 1199, 2802, and applicable California <u>Code of Regulations</u>, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

i. Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.    <u>Typicality</u>**

39.    The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

CLASS ACTION COMPLAINT

1

**D.**    **Adequacy of Representation**

2    40.    Plaintiff will fairly and adequately represent and protect the interests of

3    the members of each Class. Counsel who represent Plaintiff is competent and

4    experienced in litigating large employment class actions.

5

**E.**    **Superiority of Class Action**

6    41.    A class action is superior to other available means for the fair and

7    efficient adjudication of this controversy.  Individual joinder of all Class Members is

8    not practicable, and questions of law and fact common to each Class predominate

9    over any questions affecting only individual members of the Class.  Each member of

10    the Class has been damaged and is entitled to recovery by reason of Defendants'

11    unlawful policies and practices alleged in the Complaint.

12    42.    Class action treatment will allow those similarly situated persons to

13    litigate their claims in the manner that is most efficient and economical for the

14    parties and the judicial system. Plaintiff is unaware of any difficulties that are likely

15    to be encountered in the management of this action that would preclude its

16    maintenance as a class action.

17    43.    Class Plaintiff contemplates the eventual issuance of notice to the

18    proposed Class Members of each of the Plaintiff Classes that would set forth the

19    subject and nature of the instant action. The Defendants' own business records

20    can be utilized for assistance in the preparation and issuance of the contemplated

21    notices. To the extent that any further notice is required, additional media and/or

22    mailings can be used.

23

**FIRST CAUSE OF ACTION**

24

**(FAILURE TO PAY WAGES UNDER THE FLSA)**

25

**[AGAINST ALL DEFENDANTS]**

26    44.    Plaintiff and the Plaintiff Classes re-allege and incorporate by

27    reference all of the allegations in the preceding paragraphs of this complaint as

28    though fully set forth herein.

45.   At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

46.   Plaintiff is informed and believes, and thereon allege, that Defendants have required, or require, the Class as part of their employment to work without additional compensation, such as overtime, in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:  "Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

47.   In the performance of their duties for Defendants, members of the Class often did work over forty (40) hours per week and did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

48.   The precise number of unpaid overtime hours will be proven at trial.

49.   Plaintiff proposes to undertake appropriate proceedings to have such members of the Class aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

50.   Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

51.   As a result of the foregoing, Plaintiff seeks judgment against Defendants on her own behalf and on behalf of those Class similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendants to the Representative Plaintiff and the

FLSA Collective, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY REGULAR AND MINIMUM WAGES**

**(Violation of Labor Code § 1197, 1198, and IWC Wage Order No. 4-2001)**

**(Against all defendants)**

52.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

53.     Labor Code § 1197 provides, "the minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

54.     Labor Code §1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

55.     IWC Wage Order 4-2001 Section 4 provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

56.     Pursuant to the IWC Wage Order, Defendant is required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

57.     At all relevant times during the class period, Defendant failed to pay Plaintiff and other members of the class wages for all hours worked, in that Plaintiff and the class were required to boot up their computer and load several programs to begin their shifts, and they were not paid for this time.  Similarly, after their shift ended, Plaintiff and the Class had to clock out from the time program, log off of all

-18-

the programs, and shut down the computer.  Plaintiff and the Class were not paid for this time.

58.    In relevant part, <u>Labor Code</u> § 1194 provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which Plaintiff and other members of the class seek.

59.    Pursuant to <u>Labor Code</u> § 1194.2, liquidated damages are available to employees who file an action under <u>Labor Code</u> § 1194, which Plaintiff and members of the class seek.

60.    In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked at least minimum wage.  As a direct result, Plaintiff and other members of the class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

61.    Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to <u>Labor Code</u> §§ 1194 and 1194.2.

///

///

///

///

-19-

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

**(Violation of Labor Code § 510)**

**(Against all defendants)**

62.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

63.     <u>Labor Code</u> §510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Specifically, <u>Labor Code</u> §510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

64.     <u>Labor Code</u> § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees.  <u>Labor Code</u> §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits is unlawful.

65.     At all times relevant hereto, Plaintiff and other members of the class, have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

66.     At all times relevant hereto, Defendant has failed to pay Plaintiff, and the other members of the class, the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by <u>Labor Code</u> § 510 and 1198, and the applicable Wage Order.

1    67.    By virtue of Defendant's unlawful failure to pay the lawful overtime
2    rate of compensation to the Plaintiff, and the other members of the class, Plaintiff
3    and the other members of the class, have suffered, and will continue to suffer,
4    damages in amounts which are presently unknown to them, but which exceed the
5    jurisdictional limits of this Court and will be ascertained according to proof at trial.

6    68.    Defendant acted and is acting intentionally and oppressively toward
7    Plaintiff, and the other members of the class, with a conscious disregard of their
8    rights, or the consequences to them, with the intent of depriving them of property
9    and legal rights and otherwise causing them injury. Defendant failed to pay Plaintiff
10   and other members of the class for all hours worked including the time spent loading
11   programs before their shift, closing the programs after their shifts, and the time when
12   the requirement to load necessary programs encroached on Plaintiff and other class
13   members' meal breaks.  To the extent this time worked exceeded eight (8) hours in a
14   day and/or forty (40) hours in a week, Plaintiff and class members are entitled to
15   overtime wages.

16   69.    Plaintiff and the class, request recovery of overtime compensation
17   according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor
18   Code § 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of
19   any statutory penalties against Defendant, in a sum as provided by the Labor Code,
20   the applicable Wage Orders, and/or other statutes.

21                           **FOURTH CAUSE OF ACTION**

22   **(FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF)**

23                           **[AGAINST ALL DEFENDANTS]**

24   70.    Plaintiff incorporates all previous paragraphs of this Complaint as
25   though fully set forth herein.

26   71.    Defendants had a policy and practice of failing to provide lawful duty-
27   free meal periods due, in part, to the rushed and high pressure working environment
28   fostered by Defendants, for days during the liability period on which non-exempt

employees work(ed)/work periods in excess of **five** (**5**) hours, and Defendants failed to provide compensation in lieu thereof.  Further, Plaintiff's individual claims, not released, extend **four** (**4**) years prior to the filing of the Complaint to the present.

72.    By failing to provide meal periods on the days non-exempt hourly employees worked periods in excess of **five** (**5**) hours, and failing to compensate said employees one hour's wages in lieu of meal periods, as alleged above, Defendants willfully violated the provisions of <u>Labor Code</u> §§ 226.7 and 512, § 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11040, *et seq.*

73.    Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods.

74.    By failing to keep adequate records as required by §§ 226 and 1174(d) of the <u>Labor Code</u>, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation (including wages, interest, and penalties thereon) due to Plaintiff and Class Members.

75.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under <u>Labor Code</u> §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

<u>**FIFTH CAUSE OF ACTION**</u>

**(FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF)**

**[AGAINST ALL DEFENDANTS]**

76.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

77.    Defendants had a policy and practice of failing to authorize and permit lawful duty-free rest periods due, in part, to the rushed and high pressure working environment fostered by Defendants, for days during the liability period on which non-exempt hourly employees work(ed)/work periods in excess of **three and a half**

-22-

(**3.5**) hours or a major fraction thereof, and Defendants failed to provide compensation in lieu thereof.  Further, Plaintiff's individual claims, not released, extend **four** (**4**) years prior to the filing of the Complaint to the present.

78.   By failing to authorize and permit rest periods on the days non-exempt hourly employees worked periods in excess of **three and a half** (**3.5**) hours and failing to compensate said employees one hour's wages in lieu of rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code §§ 226.7 and Cal. Code of Regs., Title 8, § 11040(12)(A).

79.   Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive rest periods.

80.   By virtue of the Defendants' unlawful failure to authorize and permit rest periods to Plaintiff and the Class Members, they have suffered, and will continue to suffer damages in amounts which are presently unknown to Plaintiff and the Class Members, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

81.   As a result of the unlawful acts of Defendants, Plaintiff and the Class Members she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

<u>**SIXTH CAUSE OF ACTION**</u>

**(FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION)**

**[AGAINST ALL DEFENDANTS]**

82.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

83.   California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (**72**) hours of termination of employment.  Section 203 of the Labor Code provides that if an employer willfully

1  fails to timely pay such wages the employer must, as a penalty, continue to pay the

2  subject employees' wages until the back wages are paid in full or an action is

3  commenced.  The penalty cannot exceed **thirty** (**30**) days of wages.

4      84.  Plaintiff and the Class Members she seeks to represent are entitled to

5  compensation for all forms of wages earned, including, but not limited to, wages

6  earned but not paid, compensation for unprovided rest periods and unprovided meal

7  periods, and/or compensation for unlawful deductions, but to date have not received

8  such compensation, therefore entitling them <u>Labor Code</u> § 203 penalties.

9      85.  More than **thirty** (**30**) days have passed since affected Class Members

10  have left Defendants' employ, and on information and belief, they have not received

11  payment pursuant to <u>Labor Code</u> § 203.  As a consequence of Defendants' willful

12  conduct in not paying all earned wages, Plaintiff and certain Class Members who are

13  former employees are entitled to **thirty** (**30**) days' wages as a penalty under <u>Labor</u>

14  <u>Code</u> § 203 for failure to pay all legal wages.

15      86.  Plaintiff and these Class Members are also entitled to **thirty** (**30**) days'

16  wages as a penalty under <u>Labor Code</u> § 203 for willful failure to pay one hour's

17  wages in lieu thereof for denied rest and meal periods, together with interest thereon

18  and attorneys' fees and costs.

19  <u>**SEVENTH CAUSE OF ACTION**</u>

20  (**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH**

21  **ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**)

22  [**AGAINST ALL DEFENDANTS**]

23      87.  Plaintiff incorporates all previous paragraphs of this Complaint as

24  though fully set forth herein.

25      88.  California <u>Labor Code</u> § 226(a) requires Defendants to itemize in wage

26  statements all deductions from payment of wages and to accurately report total hours

27  worked by Plaintiff and the Class Members.  On information and belief, Plaintiff

28  alleges that Defendants have knowingly and intentionally failed to comply with

Labor Code § 226(a) on each and every wage statement that should have been provided to Plaintiff and the Class Members.

89.    California Labor Code § 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Labor Code § 1174.  Defendants' failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.

90.    Section 7 of the applicable IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class Members. On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with these Wage Orders.

91.    As a result of Defendants' conduct, Plaintiff and the Class have suffered injury in that, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages for all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for piece rates where applicable, and the properly hourly rate where applicable, although they were so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies.  The entitlement of Plaintiff and the Class is to receive Wage Statements that accurately list the total amount

of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. All Class Members have been similarly injured.  As a result of Defendants' conduct, Plaintiff and the Class have suffered injury because their legal right to receive accurate wage statements was violated.

92.   Labor Code § 226(a) requires Defendants "semimonthly or at the time each payment of wages" to furnish to Plaintiff and the Class "an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226.  Defendants knowingly and intentionally failed to provide Plaintiff and the Class with such timely and accurate wage and hour statements.

93.   Plaintiff and the Class suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226 (e) as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and class cannot promptly and easily determine from the wage statement alone one or more of the following:  (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be

CLASS ACTION COMPLAINT

provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.  For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

94.    Plaintiff and the Class are entitled to the amounts provided in Labor Code § 226(e), plus costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### (FAILURE TO PAY WAGES DUE AND PAYABLE TWICE EACH MONTH)

### [AGAINST ALL DEFENDANTS]

95.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

96.    Labor Code § 204 requires that all wages are due and payable twice in each calendar month.

97.    The wages required by the Labor Code § 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

98.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

99.    As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 1194.

**NINTH CAUSE OF ACTION**

**(FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES)**

**[AGAINST ALL DEFENDANTS]**

100.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

101.   California Labor Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

102.   At all relevant times herein, Defendants violated California Labor Code § 2802, by failing to indemnify and reimburse Plaintiff and the Class Members for required expenses incurred in the discharge of their job duties for Defendants' benefit. Defendants' uniform policy, practice and procedure was to not reimburse Plaintiff and the Class Members for any phone expenses. These expenses were necessary to complete their principal job duties. Defendants are estopped by Defendants' conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by Plaintiff and the Class Members, Defendants failed to indemnify and reimburse Plaintiff and the Class Members for these expenses as an employer is required to do under the laws and regulations of California. The liability period for this claim is limited to periods not covered by settlement(s) Defendants have made in other actions, meaning it extends from **four (4)** years prior to the filing of this action to the present.

103.   Plaintiff therefore demands reimbursement for the above described expenditures or losses incurred by Plaintiff and the Class Members in the discharge of their job duties by Defendant, or their obedience to the directions of Defendants,

1    with interest at the statutory rate and attorneys' fees and costs as allowed under

2    California Labor Code § 2802.

3                              **TENTH CAUSE OF ACTION**

4                    **(VIOLATION OF UNFAIR COMPETITION LAWS)**

5                         **[AGAINST ALL DEFENDANTS]**

6        104.   Plaintiff incorporates all previous paragraphs of this Complaint as

7    though fully set forth herein.

8        105.   On information and belief, Plaintiff alleges that Defendants, including

9    by their policy of:

10                   (a)    failing to pay all earned wages and premium pay to Plaintiff and

11                   Class Members;

12                   (b)    failing to provide meal periods and authorize and permit rest

13                   periods;

14                   (c)    failing to keep proper records;

15                   (d)    failing to provide accurate wage statements;

16                   (e)    failing to pay employees twice monthly as required by law;

17                   (f)    Failing to reimburse necessary expenses; and,

18                   (g)    failing to pay employees all wages and compensation due at the

19                   termination of their employment, engaged in unlawful activity

20                   prohibited by Business and Professions Code § 17200 *et seq.*

21        106.   The actions of Defendants as alleged within this Complaint constitute

22    false, fraudulent, unlawful, unfair, and deceptive business practices, within the

23    meaning of Business and Professions Code § 17200 *et seq.*

24        107.   Plaintiff is entitled to an injunction and other equitable relief against

25    such unlawful practices in order to prevent future damage, for which there is no

26    adequate remedy at law, and to avoid a multiplicity of lawsuits.

27        108.   As a result of their unlawful acts, Defendants have reaped and continue

28    to reap unfair benefits and unlawful profits at the expense of the Plaintiff and the

Class Members she seeks to represent.  Defendants should be enjoined from these activities and restore to Plaintiff and the Class Members their wrongfully withheld wages pursuant to <u>Business and Professions Code</u> § 17203.  Plaintiff are informed and believe, and thereon allege, that Defendants have been unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices as alleged throughout the original Complaint and herein.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the Class Members are and have been prejudiced by Defendants' unfair trade practices.

109.  As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiff and the Class Members as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein.

110.  The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in the Complaints, they will continue to engage in the unlawful conduct as alleged therein, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

111.  Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

///

///

///

///

1

## **PRAYER**

2    WHEREFORE, PLAINTIFF DEMANDS JURY TRIAL and prays for

3    judgment as follows:

4    ON THE FIRST CAUSE OF ACTION:

5    (a)    For facilitated Notice under 29 USC § 216(b);

6    (b)    For compensation pursuant to FLSA 29 U.S.C. § 201 et seq.;

7    (c)    For conditional and Final Certification of a Collective Action;

8    (d)    For interest on any compensatory damages; and

9    (e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

10    ON THE SECOND CAUSE OF ACTION

11    (a)    For all straight-time and overtime wages owed to Plaintiff and each

12          Class Member for all hours worked;

13    (b)    For other compensatory damages and/or statutory damages and statutory

14          penalties resulting from improper compensation according to proof;

15    (c)    For statutory attorney fees according to proof;

16    (d)    For statutory interest according to proof; and

17    (e)    For reasonable attorneys' fees and costs pursuant to the California

18          Labor Code.

19    ON THE THIRD CAUSE OF ACTION

20    (a)    For all overtime compensation owed to Plaintiff and each Class Member

21          for all hours worked according to proof;

22    (b)    For interest on any compensatory damages;

23    (c)    For attorneys' fees, expenses, and costs pursuant to Labor Code

24          §1194(a), and Civil Code §§ 3287(b) and 3289;

25    (d)    For any statutory penalties against Defendant, in a sum as provided by

26          the Labor Code, the applicable Industrial Wage Order, and/or other

27          statutes.

28

CLASS ACTION COMPLAINT

ON THE FOURTH CAUSE OF ACTION:

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

    (b)    For interest on any compensatory damages; and

    (c)    For attorneys' fees and costs.

ON THE FIFTH CAUSE OF ACTION:

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

    (b)    For interest on any compensatory damages; and

    (c)    For attorneys' fees and costs.

ON THE SIXTH CAUSE OF ACTION:

    (a)    For statutory penalties, including thirty (30) days of pay for each employee not timely paid wages upon termination;

    (b)    For penalty enhancements for willful conduct; and

    (c)    For attorneys' fees and costs.

ON THE SEVENTH CAUSE OF ACTION:

    (a)    For statutory penalties;

    (b)    For compensatory damages and interest thereon for actual harm caused; and

    (c)    For attorneys' fees and costs as allowed by law.

ON THE EIGHTH CAUSE OF ACTION:

    (a)    For statutory penalties;

    (b)    For attorneys' fees and costs.

ON THE NINTH CAUSE OF ACTION:

    (a)    For actual expenses incurred as allowed by Labor Code § 2802

    (b)    For special damages; and

    (c)    For attorneys' fees and costs.

1    ON THE TENTH CAUSE OF ACTION:

2        (a)    For the equitable, injunctive and declaratory relief requested;

3        (b)    Treble damages;

4        (c)    For disgorgement of profits.

5        (d)    For reasonable attorneys' fees and costs.

6    ON ALL CAUSES OF ACTION:

7        (a)    For reasonable attorneys' fees;

8        (b)    For costs of suit;

9        (c)    For Certification of the Classes defined herein, or such other Classes and/or

10               subclasses as the Court will certify; and

11       (d)    For such other and further relief as this Court may deem just and proper

12

13   Dated: March 31, 2020                    **QUINTILONE & ASSOCIATES**

14

15

16                                    By: _____

17                                         RICHARD E. QUINTILONE II,
                                            ALEJANDRO QUINONES,
18                                         BRIANNA M. MCCOVEY,
                                            Attorneys for Plaintiff, JOSEPHINE
19                                         EASTON individually, and on behalf of
                                            all employees similarly situated.

20

21

22

23

24

25

26

27

28

1    **<u>DEMAND FOR JURY TRIAL</u>**

2         Plaintiff demands a trial by jury for herself and the Class members on all

3    claims so triable.

4

5    Dated: March 31, 2020                    **QUINTILONE & ASSOCIATES**

6

7

8    By: _____

9                                           RICHARD E. QUINTILONE II,
                                            ALEJANDRO QUINONES,
10                                          BRIANNA M. MCCOVEY,
                                            Attorneys for Plaintiff, JOSEPHINE
11                                          EASTON individually, and
                                            on behalf of all employees similarly
12                                          situated.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28